Your Honor, this is the first case of the call, 209-188, Country Wide Landscaping, Inc. v. Darius Grigaliunas. On behalf of the FY, Mr. James P. Newman. On behalf of the FD, Mr. James Scott. Good morning, Mr. Newman. May it please the Court. My name is Jim Newman. I'm the attorney for the appellant, County Wide Landscaping. Would you mind directing the microphone up towards you? There we go. Thanks. May it please the Court. My name is Jim Newman. I'm the attorney for the appellant, County Wide Landscaping. This is a relatively simple contract case dealing with really remedies. I know the courts are well aware of the facts. I will just briefly go over in 30 seconds or so what happened in the underlying arbitration case. This case involves my client as a landscaper and entered into a contract with Mr. Grigaliunas to perform certain landscaping work at his home for about $120,000. $50,000 of the initial contract was paid. The remaining balance, about $69,000, was not. The contract had an arbitration provision which was enforced. County Wide Landscaping filed a claim with AAA for arbitration for damages. In response to that claim, Mr. Grigaliunas filed a counterclaim seeking damages as well. The case went to arbitration and the arbitrator came back with an award. At arbitration, as I said, there were two competing contract claims for damages. During closing argument at arbitration, Mr. Grigaliunas' attorney made an argument that he was terminating, canceling, rescinding the contract over my objection. The arbitrator came back, a single arbitrator, came back with an award which is conflicting on its face, finding that my client wasn't entitled to any damages because the contract was terminated and finding that Mr. Grigaliunas was not entitled to any damages because of a limitation provision in the contract itself which limited the remedies. As a result of that, we filed a claim in a circuit court basically to have the arbitration decision reviewed. In the complaint, we allege that the arbitrator did two things wrong which gave the circuit court jurisdiction. One, he exceeded his authority, exceeded his jurisdiction, in that he made a decision which was not before him, specifically the rescission of the contract. And that's something we'll talk about, whether or not terminating the contract is the same as a rescission. And the other is, as I said, the arbitration was conflicted on its face. And conflicted on its face, I'll deal with that one first because it's pretty simple. There's a provision in the contract which limited the remedies available to Mr. Grigaliunas. And that was enforced by the arbitrator and affirmed by the circuit court as well on the counterclaim filed by Mr. Grigaliunas. And it's not on appeal here. So as a matter of law, we have a contract that has a limitation provision in it that limits Mr. Grigaliunas' remedies. In the award, by failing to award us damages, countywide damages in the arbitration award, the arbitrator ignored the limitation provision that he enforced later against Mr. Grigaliunas. You can't have it both ways. If there's an arbitration, excuse me, if there's a limitation provision for remedies, then that should apply to all of his defenses that would have been asserted. Which brings me to the second most important point, and that is the arbitrator's decision that the contract was terminated. He used that as an affirmative defense because, as this Court is well aware, an affirmative defense is any claim which would defeat the plaintiff's claim. Your Honor, counsel, I believe the court entered an order ordering you to be prepared to address fatality or sanctions, I believe that's under Supreme Court Rule 375, for bringing an appeal to the plaintiff's merit. And so far, you haven't said anything that addresses that. And so far, you've said exactly the same thing that you essentially said in your briefs, that you said in the trial court below, which is that a termination is, in so fact, a rescission. And therefore, because there was a rescission and the arbitrator had no authority to rescind the contract, that the arbitrator was in error and the trial court was in error in so affirming the judgment of the arbitrator. The trial court found that the arbitrator terminated the contract because he found that there was a breach in the contract. He found that even though there was a breach and even though the contract was terminated, there was no recovery by Mr. Gregelunas or the Leonis because the contract provided for a limited form of damages. You have, during your opening statement, continued to make the same argument, which is this is a rescission and the record reflects patently that it is not. So would you now address why you continue to represent the findings of the arbitrator and the judgment of the trial court in a false light? Well, Judge, with all due respect, I don't believe I am. And I'll cite you case law, for example, and I've cited it in my brief, but I've got others that use the term rescission and termination and cancellation all to mean the same thing. Obviously, a rescission is a termination, just like death, taxes, and other things result in termination of something. But to say that something is terminated and to say that all things, it's your argument basically that all Texans are Americans and all Americans are Texans. It doesn't work that way. That's not my argument, with all due respect. What I'm saying is from a contract standpoint, when you terminate a contract, if you look at the definition of what a rescission is, that is the very definition of a rescission, to terminate a contract. And in this particular case, we can argue over whether or not termination is a rescission, but the reality is that's not really what the issue is. The issue is whether or not the arbitrator had before him any pleadings before him that would allow him to enter something to terminate it or do anything along those lines, because what it is is an affirmative defense, the way that he's applied it here. The only thing which could defeat my client's claim is an affirmative defense. Pardon me for interrupting. It seems like your argument to my question about frivolity is that it's not frivolous because your argument has validity. Not only validity, Judge, but the case law is very clearly on my side. If you look at the rules for AAA, which this Court is going to have to look at to see. You're saying essentially, at least you've been saying all along, that all terminations are rescissions. No, Judge, I'm not saying that. Well, from a contract standpoint, if you look at what the case law says, and again, Judge, I'm arguing this from the sense that I was in the arbitration hearing itself. The counsel here is a different counsel, but I arbitrated the case. And his predecessor argued that closing argument that the contract was rescinded. And I objected to it. And he argued that because at that point the arbitrator was getting into a dialogue with the attorneys about whether or not he even had a remedy because of the exclusion. And I objected that he could not do that. He could not mend the hold. He could not make an argument which was not before the Court. And the arbitrator came down, and that's why I'm making the argument that I am about it being terminated, because he asked for a rescission at closing argument. The arbitrator just used the term terminate. But I believe he meant rescission. And after that happened, and you were before the trial court, did the trial court find that there was a rescission? No, but the trial court found that there were two competing contract claims. And that it was not a rescission because he did not, as counsel points out, and I readily admit, that he did not attempt to put us back into the status quo. And I've said all along, I've never claimed that the rescission was done correctly. It's a matter of terminology, but we're getting hung up on terminate, rescission. So what is erroneous about the trial court's judgment? Because the issue before the trial court is whether the arbitrator, first of all, is whether I stayed to the cause of action. And in my complaint, I allege that the arbitrator had nothing before him, no pleadings before him, which would allow him to terminate, cancel, rescind, or do anything with respect to the contract other than damages. I had a claim for damages. Greg Leone has had a claim for damages. A claim for damages and to terminate the contract are mutually exclusive. They're repugnant of one another, and I've got the case law that says that. Oh, I'm sure that there's case law that says that. But I don't know that there's any case law that says that the arbitrator did something other than what he did. Nor do I think there's any case law that says that the trial court did anything other than what he declared. Your Honor, in this case, this is, I go back to what I opened with, a simple contract, simple remedy case. You have a breach of contract claim versus a breach of contract claim. The only thing that could have happened at the arbitration level was for the court to determine what was before him. Two competing breach of contract claims. The only remedy that would have been available for the arbitrator, which should have happened here, and I'll explain to you why I think things happened the way they did. We had a claim for $60,000, $69,000 in damages, which wasn't paid on the contract. They had a claim for about $50,000 that they were claiming they had to hire somebody else to go do. What should have happened was, this court's well aware, in a contract damage claim, you take the total contract price, and in his breach of contract claim, if he were to prove $50,000, let's say hypothetically, we would be owed damages of $20,000. That's what would have been left. Let me ask you this. Did you file a quantum merit count in this claim before the arbitrator? I did not, for the very reason that there was no claim filed that there wasn't a contract. Quantum merit would only apply if there was not a contract. He affirmed the contract by filing a claim. In fact, his claim that he filed states that there was a contract between the parties. At no time did he ever allege on any plea before the arbitrator that it was terminated. Whenever you want to use the word terminated, but it was true. Did he claim that the contract was breached by your client? He claimed that it was breached by my client, and then he suffered. If it's breached by your client, does that result in a termination? Does the contract keep going on ad infinitum? No, it results in a claim for damages. You have to make, you have to, the claimant has to decide what remedy he wants to take. Is it correct to assume that this contract wasn't going to last forever? It wasn't a service contract or something that would require the parties to remain in a contractual relationship until they died or until the universe froze over? No, it was a contract. It had a termination date based upon the completion of the contract by its terms, correct? Yes, 10 years. So, therefore, it was going to terminate at some point in time. In 10 years. And did it? And has not yet. The contract has a 10-year warranty. It's still, the fact of the matter is the parties were still under contract. So you're telling me that the warranty is deemed to be separate and apart from the underlying contract? No, it's one of the, it's part of the contract. Then why did you say it lasted 10 years based upon a warranty? You asked whether or not the contract had terminated. I'm saying the contract right now is still in force and effect because there's a 10-year written warranty within the contract. Therefore, if there was a breach of warranty, it would be a breach of contract breach of warranty claim. It's still part of a contract. But we go back to the point I've been trying to make over and over again here. The arbitrator used basically an affirmative defense to deny my client's claim. And there was no affirmative defense filed. That is why the arbitrator's decision has to be reviewed by the circuit court. The AAA rules as well as the case law say that the arbitrator can only decide matters which are before them in pleadings. And if there was no affirmative defense filed saying that the contract was terminated, then the arbitrator can't make that decision. I could not file a quantum merit claim because there was no claim that would have been consistent. If I understand it correctly, the only way in which a claim can be adjudicated is either that there is no breach or there was a breach. Correct or not? That is not correct. On a contract claim? When you presented your claim and you presented the proofs to your claim, what do you think you were going to establish insofar as alternative proofs were concerned? What I was going to establish was there was a valid contract which was admitted by the pleadings, what the value of the contract was, and then what the terms of the contract were, which was the remedy provision, the limitation provision. And it's that remedy limitation provision which threw this case out of balance, so to speak, because that's what caused Mr. Grigliese's attorney, during the course of closing the argument, when the arbitrator engaged in a dialogue with the parties about where we were going with this, to suddenly say, Judge, I want to rescind the contract. And the arbitrators, that's what the arbitrator found. Now, I know he used the word terminate, but it was a claim for rescission during oral argument that led to that. And there were no pleadings before the court. This is a 2615 motion. My point to you, and you still haven't addressed it, is in the proofs that you presented, things could have happened. You could have proved that your client performed valiantly and in complete and substantial performance, didn't violate any term of the contract, and he would be entitled to relief. Or you could have proved not that claim, but you could have also gone further and you could have proven in the proofs, you could have proven that there was some defalcation on your client's part. Or in the process of presenting the defense, the defense presented the fact, or the evidence to establish the fact, that your client, in his claim for damages, had not sustained its burden, and had in fact established either on your own or with the help of the opposing counsel, established that your client had breached the contract. And then when they proceeded on their claim that, quote, unquote, they're entitled to damages, the arbitrator determined that that's all well and good. You probably do have damages. But unfortunately, the terms of the contract say that you are limited in the amount of damages that you're entitled to. So where does this come up in a rescission? Despite the fact that the man made the argument, how is it that the arbitrator and the trial court both determined that this was a rescission? Well, they determined it was not a rescission. And why do you think it is? Because for Judge – Because I believe your briefs point out that with a rescission, you're supposed to put the parties in paramaterial. Did that ever happen at all? Judge, my brief says that he attempted to rescind them. The arbitration decision on its face is inconsistent, as I point out in my brief as well. I don't claim that he rescinded it properly. What I claim that when you terminate them, when you terminate the agreement, it goes back to the – you can call it whatever you want to call it. But at the end of the day, what it very clearly is, which I don't think anybody will dispute, is some type of affirmative defense. My claim – my claim that was filed, a complaint filed in the circuit court, is that the arbitrator exceeded his authority. You said there were two claims, one filed by you and one filed by the athlete. Correct. Now, you're telling me that the other claim was – could not constitute an affirmative matter that would prevent your recovery while at the same time establishing some relief on their part or his part? It could if he didn't affirm the contract. You can't terminate – the case law is crystal clear. You cannot terminate an agreement and then enforce it. And so I go back to what the only – You're telling me that you cannot terminate a contract that has been breached by the other side and seeks damages? No. I guess it depends on how you define terminate, Judge. But the case law – I've cited the case law very clearly says that you cannot do that. Now, when you talk about terminating the idea, hey, this contract isn't going to go on forever and ever, of course that's the case. But when you use terminate from a contractual legal standpoint, the answer is no, you cannot. The case law is very clear. And you go back to the legal inconsistency here. He could not terminate – it's not a matter of damages. It's a remedy provision. He could not terminate this agreement even if he wanted to. The only way that he could do that in the case law is to say that the contract – he can terminate the contract because it was fraud in inception. But when you have a limitation provision in here and there's case law on it, you cannot even rescind the contract. So even if he wanted to formally rescind the contract in all its formality, under this contract he could not do so because of the remedy limitation provision, which the arbitrator found valid and the circuit court found valid. That's what makes the decision inconsistent. You can't have it both ways. I don't know that you made this argument before, which is the limitation to the contract would have prevented him from rescinding it as well? Yes, it is, Judge. It's a second argument. It's the last argument I make in my brief, and it's what I allege in my complaint as well. Okay. Now, how does that apply to the trial court's judgment when it found that there was no rescission? Judge, whether you want to call it a rescission – well, your Honor seems to be stuck on the idea of rescission. I believe, based upon what I witnessed – I'm stuck on the proposition that this is an appellate tribunal that's supposed to review the trial court's judgment. And in the process of reviewing that judgment, determine whether or not there's been reversible error. And you argue to this court that one of the reasons why, or the major reason why there's a problem here, is because opposing counsel raised the argument of rescission, which, based upon my review of the record, the arbitrator didn't grant such relief, nor did the trial court. But you're up here on appeal claiming that because someone makes the argument below that there should be rescission, even though the arbitrator in his findings didn't do it, and even though the trial court didn't do it, we're supposed to reverse the trial court and the arbitrator and go back and say, I'm sorry, but the argument that was raised was false or incorrect? Your Honor, here's a case that I cited. Overton v. Kingston Development. Stands for a proposition which many cases – and I'll read you the quote from it. And this is an election of remedy quote. A party must elect a remedy based upon an affirmation or disaffirmation of a contract. But the election of one is the abandonment of the other. There's no set of circumstances that I'm aware of in the law that I have found where a party can make a claim for damages on a contract, which is what counsel did, which is what he did at Dobby Chase, which is what he did when he filed his counterclaim. And at the same time, some type of whatever you want to call it – insofar as what did the trial court do when it committed error? What is the error that the trial court did, not what is the error that the lawyer did before the arbitrator? He dismissed – the error of the circuit court is dismissing my complaint. My complaint stated that there was a contract between the parties, that the arbitrator exceeded his authority by making a determination which was not before, and that the decision of the arbitrator is mutually inconsistent. Those two issues right there give the circuit court jurisdiction. The motion to dismiss on the 2615 was one based upon jurisdiction. The circuit court doesn't have the jurisdiction to look at this arbitration decision because the standard is so high. The record reflects that the trial court affirmed the judgment of the arbitrator who decided that the contract was terminated because it was a breach of contract. There is nothing that indicates, other than your statement about an argument being made by counsel, that it might be terminated based upon a rescission. Yes, Judge, there is. He filed a claim for damages. It's repugnant of a claim for termination. I don't know how else – the case law that I've cited, I think, is very clear on this point. There was nothing before the arbitrator that would allow him to terminate the agreement. In other words, it is impossible to terminate a contract based upon a breach of that contract? Is that what you're telling me? No, Judge, I'm not telling you that. I'm saying it is impossible to terminate a contract when you file a suit for damages on the contract, number one. And number two, it is impossible to terminate the contract, to take that as a remedy, when the judge or the arbitrator found that there is a remedy limitation provision which doesn't allow him to do it. I don't know the answer to your questions. At least I understand where I think you're wrong. Well, counsel, I'm going to stop you. You'll have a couple of minutes, not as many because we've gone over now, but we'd like to hear from you. Okay. Thank you very much. Okay. Mr. Skar? Good morning. Please, the Court. I'm Jim Skar, representing the appellee, Darius Rigolinus. I don't want to waste your time here. The only issue on the appeal is whether the trial court made an error. And what the trial court did was dismiss the complaint because the complaint failed to state cause of action. And the reason the complaint failed to state a cause of action is that the complaint alleged that the arbitrator exceeded his powers in determining the contract was rescinded. The complaint requested relief that the trial court vacate that portion of the arbitration award which rescinded the contract. And the trial court looked at the arbitrator's award, which of course is an exhibit and which controls over the allegations, and decided the award did not rescind the contract, and so therefore no cause of action was stated. All we can do in the court below, the trial court, and myself in defending this case, is respond to what the plaintiff says. And all the plaintiff says in the complaint, and in fact in this brief on appeal, is that the arbitrator's award rescinded the contract. So to the extent that we're getting into new explanations here today on what might have happened differently, I would say that that would be a different complaint and that would be a different appeal. But all we can do and all we have done is try to deal with what the appellant said below. I don't want to beat a dead horse here. There was no rescission of the contract. I think that's clear enough. So the only other point that I want to make is that even if you look at this case from the plaintiff's point of view here and understand it better than I do, the arbitration clause in the contract is essentially identical to the arbitration clause in the contract of the Hollister case, which is discussed in the briefs. In fact, the appellant first cited the Hollister case, and the question being whether or not the arbitrator exceeded his powers. The way the courts have looked at that question is that the powers of the arbitrator are defined in the contract itself that call for arbitration. In the Hollister case, the court said that the arbitration clause in the contract says that in the event of a dispute, any disputes, whether legal or equitable, will be decided by the arbitrator, and there were no reservations of the powers of the arbitrator in that contract provision. And so therefore, the Hollister court and several other courts have held that since the parties agreed to submit their disputes to arbitration and they did not limit the powers of the arbitrators in the contract, the arbitrator has the power to dispose of the case, whether he's right or he's wrong, but that's the purpose of arbitration, to avoid... Counsel, why didn't you file a motion for sanctions for attorney's fees based upon profanity while the case was pending in the trial court or at the close of the case when the judgment was rendered, which found that there was no rescission? Because I questioned whether I was missing something in this argument that is being raised on the appeal, Your Honor. I spent quite a bit of time reading the record and reading the briefs and trying to figure out what am I missing here on this rescission thing, and I viewed it as a simple case. I think I filed a six-page brief because that's really all it takes to deal with this issue. So why didn't I file a motion for sanctions? I guess because, first of all, I thought maybe I was missing something, and secondly, my experience has been that courts don't like to deal with motions for sanctions. So that's really all I have to say. The trial court had no choice but to do what the trial court did, and there was no error. Any questions? No. Do you have any questions? Thank you, counsel. Thank you. Mr. Newman, you have another few minutes. This is a 2615 motion which was granted by the trial court. That's the issue that's before this court, whether or not the circuit court erred in dismissing the plaintiff's complaint. The circuit court in these type of matters is vested with jurisdiction to determine whether the arbitrator exceeded its authority or whether or not the arbitration decision on its face shows an inconsistency with the law. I've alleged in the complaint that both of those issues arise. The case should never have been decided on a 2615 motion. And I want to point out in my complaint, and I brought this to the court's attention, the AAA rules. The AAA rules require that any claim that is filed has to be done in writing. It has to be filed with AAA prior to the arbitrator being named and can only be filed after the arbitrator is named with the arbitrator's permission. There's no question that in this case, and there's no argument presented, and there's nothing in the records to suggest that any such claim to terminate the contract, if we want to get away from the idea that it's a rescission, it doesn't make any difference what we call it. But the claim there was never filed. There was an affirmation of the contract. That is what the complaint filed in circuit court says. I am entitled, my client is entitled to take this case and have the prior facts determine whether or not this was filed or not. It is alleged in the complaint. That is the issue before this court. Not whether the contract was rescinded or not. The issue is whether or not we stated a cause of action. And we stated a cause of action. What the circuit court did is came back and made a finding as a matter of law that there was no rescission. That's inappropriate in a 2615 motion. It is inappropriate. That's the problem here. If he wants to file a motion for summary judgment, and granted, I did bring up facts which were outside of the pleadings, because I was asked questions, and those facts were asked by the trial court, and if need be, I would have filed an affidavit if we had to. I would take the depositions of the witnesses that were there when counsel, not him, but his predecessor, asked for a rescission in closing argument. That is why I drafted the complaint in such a manner, because he asked for a rescission. I was there. And that's what I allege. Those facts have to be taken as true. You don't think that the judgment of the arbitrator and his findings have to be taken as true then? Because obviously there seems to be a discrepancy between what the trial court determined the arbitrator's findings and judgment was and the allegations in your complaint and the alleged arguments made by opposing counsel. You take it as true. I go back to, and I know I sound like I'm beating a dead horse here, I go back to the argument I made before. If we could just eliminate the whole idea of a termination needs rescission for a moment, just for a moment here, because I do believe they mean the same, but let's just assume they don't. What does terminate the agreement mean? And from a contract standpoint, from a remedy standpoint, what does it mean? And in this case, it is used as an affirmative defense to defeat my client's claim. That's the only way you could look at this. There were no affirmative defenses filed. You don't seem to understand, counsel, that in the process of terminating the complaint, it was terminated because your client was found to be in breach of the contract. You seem to be able to disconnect the termination from the breach, and you seem to be able to say because the contract was terminated without discussing the fact it was terminated because of a breach, ergo my client must be compensated because it was terminated. Forget the fact that the arbitrator found that my client breached the contract, and therefore under the law I wouldn't be entitled to quote-unquote damages, but you seem to be able to take and disconnect the termination from the reason for its termination, which was the breach. The most obvious reason I do that, Judge, is because… Because it didn't happen that way, right? No. How did it happen? The most obvious reason is because of the findings of the arbitrator and the circuit court that there was a remedy limitation provision. There was one in the contract? Yes. The remedy limitation provision prevents what you're saying occur. The remedy limitation provision, because to hold otherwise would render that remedy limitation provision completely superfluous. Why even bother having them? If you could do what counsel here did, or what his client did, I'm going to terminate the agreement. Why even bother having a remedy limitation provision, which the courts have upheld for hundreds of years? That's the problem with it, and that's why what happened happened, because at closing argument when he realized he didn't have a remedy, he said, I'm going to rescind it, I'm going to rescind it, and the arbitrator used the word terminate, but he couldn't do that because it's not permitted under the contract. That is why the circuit court erred. He allowed the termination of a remedy, which was not permitted. Let's get rid of the terms. A remedy. He allowed a remedy, which was not permitted under the terms of the contract, then went on and said he's not entitled to a remedy because of the second provision. What was the remedy that he allowed that wasn't permitted? Terminating the contract. I see. You're telling me that unless a contract has a term in it that says this is how a contract is to be terminated, and it must include also based upon breach of contract, that therefore the contract cannot be terminated. I'm saying if you have a remedy limitation provision, it cannot be terminated. The case law says that, Your Honor. You may be right if, in fact, you attempt to terminate the contract, and the contract has a remedy provision. You may not be entitled to get what the client on the other side attempted to get, but was refused because the contract was terminated, and, therefore, because it was terminated, he didn't seek relief under the contract. What you're doing is making a very good argument for your opposing counsel to suggest that if he wanted to, since the contract was terminated when, in fact, he was seeking alternative relief, which was the remedy under the contract, but he didn't do that. So your argument is wonderful when it comes to supporting the position of opposing counsel, but it has nothing to do with whether or not your client breached the contract that would not entitle him to obtain any damages. Judge, absolutely right. What I just said would support him. Likewise, it supports me. The problem is his case isn't before – his complaint isn't before this court on appeal. Mine is. My case is before the court on appeal, and I have – we have a contract which has been admitted by the parties, which, as a matter of law, was the Arbitrator and Circuit Court County Limitation Provision. That is the issue before this court. Did I state a cause of action? Thank you. If the court on appeal found that your client was in breach of the contract and made no further statements, what would be the final finality of this case? And there was no counterclaim filed? Well, the counterclaim was filed, but the counterclaim was barred by the restriction on availability of remedies. If they found that my client was in breach of contract, the limitation provision – because the breach of contract – this is – the breach of contract which was alleged was my – was the failure to make repairs. That's what the claim was. If you look at the counterclaim, you did this, we need to fix the brick, we need to fix the pond, we need to fix the waterfall. Those were all remedies available to him under the warranty. So the breach of contract was his failure to fix something which was part of the contract. He couldn't do that. The case law says that you cannot – when you have that limitation provision in there, that is what controls. And the parties – an arms-length negotiation negotiated that. The remedy here, as I pointed out, is very similar. It's simple contract law. What should have happened here was the arbitrator should have said the total contract price was $120,000. You paid $50,000. There's $70,000 balance left. He's got $30,000 left. $30,000 in damages. If there wasn't even a provision in there that allowed him to do that, then the damages to us would have been the $30,000 or $40,000 difference. If he proved $80,000 in damages and he owed us $70,000 on the contract, then we would owe him $10,000. That's simple contract remedy law. The reason why that didn't happen is because of the provision in the contract that didn't allow it. And so when it was very clear that the arbitrator was coming down that way, that's when the counsel said terminate the agreement, material breach, and I objected to it. You can't do it that way. Okay. Thank you very much, counsel. Thank you. At this time, the court stands in recess. We'll take the matter under a –